Gants, J.
On October 15, 1997, the plaintiff Donald Fox was struck by a car operated by the defendant Simone LaMotte. On November 26, 1997, Donald Fox and his wife, Susan, entered into a Contingent Fee Agreement with the Law Offices of Mark Salamone and with attorney Janice Lenczycki to represent them with respect to this automobile accident. On June 23, 2000, before any complaint had been filed, Mr. and Ms. Fox discharged the Law Offices of Mark Salamone *3 as their attorney in this matter. On October 11, 2000, Mr. and Ms. Fox’s new attorney filed a complaint in this Court. On March 25, 2002, attorney John McQuade, who works for the Law Offices of Mark Salamone, filed an attorney’s lien under G.L.c. 221, §50. Mr. and Ms. Fox have now settled this litigation and wish to obtain the proceeds from this settlement. They have moved to dissolve attorney McQuade’s attorney’s lien.
G.L.c. 221, §50 provides:
From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client’s cause of action, counterclaim or claim, upon the judgment, decree or other order in his client’s favor entered or made in such proceeding, and upon the proceeds derived therefrom.
G.L.c. 221, §50. By its plain language, this statute expressly authorizes attorneys’ liens only by an attorney “who appears for a client” in a court or administrative proceeding. See Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 247-48 (1993). The Supreme Judicial Court has declared, “We hold that the word ‘appears’ in G.L.c. 221, §50, should be construed to encompass the signing of pleadings or motions as well as the filing of a notice of appearance.” Id. at 249. There is no dispute that neither attorney McQuade nor anyone from the Law Offices of Mark Salomone filed a notice of appearance on behalf of Mr. or Ms. Fox in the court proceeding, or signed any pleading or motion on their behalf, since they had been discharged prior to the filing of the complaint. Therefore, they may not file an attorneys’ lien regarding their quantum meruit claim for services rendered under G.L.c. 221, §50. Nor may they file any common-law attorneys’ lien, since “attorneys practicing in this Commonwealth derive the right to file a lien from an act of the Legislature rather than from the common law . . .” Id. at 248. Therefore, the plaintiffs’ motion to dissolve this attorneys’ lien must be allowed.
Nothing regarding the dissolution of this lien affects the rights of the Law Offices of Mark Salomone from prosecuting a quantum meruit claim for the fair value of the legal services they purportedly rendered. Indeed, this Court understands that a separate quantum meruit action has already been initiated. Nor does the dissolution of this lien affect the ability of the parties to resolve this attorneys fee dispute through mediation, arbitration, or some other form of alternative dispute resolution, which appears to be the most sensible course in view of the amount of money involved and the nature of the dispute.
ORDER
For the reasons stated above, the plaintiffs’ motion to dissolve this attorneys’ lien is ALLOWED.